HENRY MATTHEY, RESPONDENT, *v.* H. GALLY & JULES
DAVID AND PIERRE DELACROIX, APPELLANTS.

NEGOTIABLE INSTRUMENT WAIVER OF NOTICE.—An express waiver of notice of non-
payment is equivalent to an admission that the note has been presented, or need
not be presented.

COVENANT NOT TO SUE, NOT A RELEASE.—A covenant not to sue made to a por-
tion only of joint debtors does not release any of them.

APPEAL from the Fourth Judicial District.

Matthey sued defendants on three promissory notes of
Delacroix, dated March 1st, 1851, for $610 20 each, with
five per cent. per month interest, each indorsed by Gally &
David, as partners.    The cause was tried without a jury by
consent.

[63]        *The complaint alleged that Gally & David had
waived notice of non-payment of the notes.

The defendants Delacroix and David, answered that the
notes had not been presented for payment, and also that,
after the maturity of the notes, Matthey, in consideration
of payment by Gally, of part of one of them, entered
into a written agreement not to sue Gally or Delacroix,
reserving, however, his right against David, and David's
rights against those liable to him.

The facts of the case are substantially the same as
alleged in the pleadings.

Defendants moved the Court for a nonsuit and for a new
trial, both of which the Court refused and entered judgment
for plaintiff, against the defendants Delacroix and David,
personally, and against the firm of Gally & David, for
$3,302, and interest at five per cent. per month.

Defendants appealed.

*Wm. H. Rhodes,* for Appellants.

A waiver of notice of dishonor is no waiver of presentment. (Story on Prom. Notes, § 272, 293, 366; Bailey on Bills, 244; 17 Maine, 51; 20 Me. 102; 6 Mass. 524.) A covenant not to sue operates in all cases as a full release. (13 Ill. 72.)

*Saunders & Hepburn,* for Respondents.

Cited 5 East. 230; Chitty on Contracts, 747; 3 Barn & Ald. 88, 91; 3 Denio, 16; 1 N. Y. 186.

Mr. Justice HEYDENFELDT delivered the opinion of the Court. Mr. Ch. J. MURRAY concurred.

On the part of the indorsers there is an express waiver of notice of non-payment, the language of which, in the case of each of them, is equivalent to an admission that the notes had been presented, or need not be presented. This is the only construction of which it is susceptible.

The next point is, whether the plaintiff's agreement not to sue two of the defendants, operates as a release to those two, and if so, whether that act must invoke the principle that a release of one obligee is a release of all.

*It is well settled that a covenant not to sue [64] operates as a release, but the reason for it is only to avoid circuity of action. If the covenant not to sue be broken, the strict right of the covenantee, is to recover on the covenant, and as the recovery must be the same in both suits, the doctrine of release is resorted to to avoid the circuity. But this doctrine being technical, cannot be extended in its construction, and where the debt is joint and the covenant not to sue is made to a portion only of the debtors, it will not be held as a release to either, but the party who holds the covenant must be left to his action upon it.

Judgment affirmed.