DANIEL SPRAGUE, APPELLANT, *v.* F. A. FLETCHER
ET AL., RESPONDENTS.

WAIVER—DEMAND OF PAYMENT—PROMISSORY NOTE.—F., who was an accommodation indorsor, indorsed on the back of a note before due, these words: "I hereby waive notice of protest for non-payment." *Held,* not to be a waiver of *demand of payment* from the maker when due. Agreements of this character are to be construed strictly, and not extended beyond the fair import of the terms.

APPEAL from Multnomah County. The facts are stated in the opinion.

*Caples & Mulkey,* for appellant:

The complaint alleges that the indorser waived demand and protest for non-payment by the following indorsement on the back of the note: "I hereby waive notice of protest for non-payment." The indorsement on the note is an "express waiver," and an admission that the note has been presented or need not be presented. (3 Denio, 16, same case as below; 1 N. Y. 186; *Matthey* v. *Galley,* 4 Cal. 63; 5 East, 230; Chitty on Notes, 747; 19 Ind. 110; Edwards on Bills, 594; Story on Promissory Notes, 347; *Wall* v. *Bry,* 1 Louis, 312; *Scott* v. *Green,* 10 Barr. P. 103; Biles on Bills, Sharswood's ed., top 350, note; Story on Notes, 479, sec. 354.)

The question here presented is as to the sufficiency of the pleading. The allegation here is much stronger than in the California case above cited; there the allegation was simply that Galley & David "waived notice of non-payment," which the court held to be sufficient. In this case the complaint alleges that Fletcher "waived demand and

notice of protest for non-payment;" also setting forth the waiver in terms as indorsed on the back of the note. The word protest, in a popular sense, and as used among business men, includes all the steps necessary to charge an indorser, and where he waives notice of protest he waives everything. (*Coddington* v. *Davis et al.*, 1 N. Y. 186.)

*E. C. Bradshaw and Wm. Strong & Sons*, for respondents:

The language of the indorsement is clear and distinct: "I hereby waive notice of protest for non-payment." This does not waive the necessity of a demand. It is questionable whether it waives a notice of non-payment. Demand and notice of non-payment are two distinct things, both of which are necessary to charge an indorser. (Story on Promissory Notes, secs. 272, 366; 11 Wend. 629; 6 Mass. 524; 4 Am. Dec. 175; Edwards on Bills, 596.)

By the Court, PRIM, J.:

This action was brought against Fletcher as an accommodation indorser on a promissory note. The complaint alleges that on the second day of August, 1875, one Jane Armstrong made and delivered to one T. Coyle her promissory note for four hundred and eleven dollars and eighty-seven cents, payable with interest on one per cent. a month in ninety days after date. That before the delivery of the note to Coyle, Fletcher, to secure the note and as an accommodation to Jane Armstrong, indorsed the note on the back thereof. That afterwards, and before the note became due, Coyle transferred the same to Bradley, Marsh & Co. That S. L. Marsh, one of the members of the firm of Bradley, Marsh & Co., before the note was due, transferred the same to Levi Anderson. That afterwards, and before said note became due, F. A. Fletcher indorsed on the back his waiver of demand and protest, as follows:

"I hereby waive notice of protest for non-payment.
  "(Signed)                        F. A. FLETCHER."

And that by reason of said indorsement of said note by F. A. Fletcher aforesaid, and his said waiver of notice of non-payment, he, the said F. A. Fletcher, became, and now

is, liable for the payment, etc.   That the note belongs to the plaintiff and is wholly unpaid.

To this complaint, defendant Fletcher interposed a demurrer upon the ground that it does not state facts sufficient to constitute a cause of action.   The court having sustained the demurrer, judgment was rendered against the plaintiff for costs, from which an appeal has been taken to this court.

The objection to the complaint is: That the respondent is sued as an indorser without any allegation of demand of payment being made upon the maker when the note became due; nor is there any excuse for the failure of such demand shown.   On the other hand, it is claimed that demand and notice of non-payment were specially waived by an indorsement on the note before due in these words: "I hereby waive notice of protest for non-payment."   Signed by the indorser.   The question for determination is whether this operated as a waiver by the indorser of demand of payment, as well as a notice of such non-payment.   We think it did not so operate.   The general rule is that agreements of this character are to be construed strictly, and not extended beyond the fair import of the terms thereof.   (Story on Promissory Notes, sec. 272; *Berkshire Bank* v. *Jones*, 6 Mass. 524; 19 Pick. 375; *Backus* v. *Shepard*, 11 Wend. 629.)

In this case, the indorser does not say that he will waive demand of payment, but that he will "waive notice of protest for non-payment."   Demand and notice are two distinct things, both of which are necessary to charge an indorser, and only one of them is waived by the indorser in this case.   But it is claimed by appellant that the indorsement operated as a waiver of both, and the following decisions are cited to sustain the proposition. (*Coddington* v. *Davis et al.*, 3 Denio, 16; *Matthey* v. *Galley*, 4 Cal. 63; 19 Ind. 110.)

In *Coddington* v. *Davis*, the indorser wrote to the holder as follows: "You need not protest.   T. B. C.'s note due, etc.   I will waive the necessity of protest."   This was held sufficient to dispense with a presentment and notice of non-payment, on the ground that the word "protest," as used by the indorser, in connection with the promissory note, was under-

stood to mean the taking of such steps as were required by law to charge an indorser; that is, protest was understood to include both demand and notice. Although in a technical sense, the term protest means only a formal declaration drawn up and signed by the notary, yet as used by commercial men it includes all the steps necessary to charge an indorser. (Burrill's Law Dict. 349; 2 Ohio, N. S. 345.) The case in 4 California is in point, but not a single case is cited in the opinion to sustain it. The case in 19 Indiana does not come up to this case. There the agreement was that "protest and notice of protest were waived," and were held sufficient to include waiver of demand.

Thus it will be seen that none of the cases cited sustain the proposition of appellant except the California case, while there are numerous decisions holding the contrary doctrine. (6 Mass. 524; *Freeman* v. *O'Brien*, 38 Iowa, 406; *Scott* v. *Green*, 10 Penn. St. 103.)

The judgment of the court below is affirmed, and case remanded to the court below for further proceedings.

Judgment affirmed.