[No. 81.  Decided November 13, 1890.]

## DAVID WILKIE v. A. CHANDON.

PROMISSORY   NOTE — INDORSEMENT — CONSIDERATION — DEMAND—
WAIVER.

Where one becomes a party to a note as an indorser thereof before delivery, he identifies himself with the maker; and the settlement of a pre-existing debt, owing from the maker to the indorsee, is sufficient consideration to uphold the contract of indorsement.

A waiver of protest on a promissory note executed and indorsed in California waives presentment and notice, under the laws of that state, and in a suit thereon in this state it is unnecessary to prove a demand.

Where no demand is necessary to bind the indorser, it is not error for the court to exclude an interrogatory to the jury as to whether plaintiff demanded payment of the maker of a promissory note before the commencement of suit.

An interrogatory to the jury asking whether defendant "signed the note as maker, surety or indorser" was properly refused, where the undisputed proof showed that he signed the same as indorser; and also for the reason that the jury might answer in which of said capacities he signed, or might answer "yes" or "no" as to the entire question.

*Appeal from Superior Court, Chehalis County.*

Action commenced in the district court for Chehalis county, Washington Territory, December 24, 1888, by the appellee, A. Chandon, against David Wilkie, the appellant, upon a promissory note made by one John Wilkie to David Wilkie and by David Wilkie indorsed, with protest waived, and delivered to appellee. The note was made at Marysville, California, on February 1, 1884, and was payable one year after date at the banking house of Decker & Jewett, of that place, for the principal sum of $1,100, being a pre-existing debt due the appellee from John Wilkie, the maker of the note. The action was commenced against the appellant as indorser of the note. The action was tried before a jury, who returned a verdict in favor of the appellee, upon which judgment was rendered against appellant, from which he appeals.

*Bignold & Stinson,* for appellant.

*O. V. Linn,* for appellee.

The opinion of the court was delivered by

Hoyt, J.—Defendant was sued as an indorser of a certain promissory note. Judgment was rendered against him, to reverse which he has brought the case here. Several errors are assigned as cause for reversal, but of these it is only necessary that we should examine two, as all the others depend upon, and must be controlled by, the decision of those two. 1st. That the court erred in overruling appellant's motion for non-suit. 2d. That the court erred in refusing to submit certain questions, requiring a special finding of fact, to the jury.

Plaintiff, to maintain his action, introduced proof tending to show that the note in question was given in settlement of an account due him from one John Wilkie, a brother of defendant, and that said note was signed by said John Wilkie as maker, and was payable to the defendant, who,

before its delivery to plaintiff, indorsed it, first causing to be written above his name as such indorser the words: "I hereby waive protest on within;" that plaintiff received the note, and the promised payment of $35.00 in cash, as a settlement of his said account against said John Wilkie, and that said note had not been paid.  There was proof upon some other points, but the statement thereof is not necessary for the discussion of the questions raised on this appeal.  When plaintiff rested, defendant moved the court for a judgment of nonsuit, and urges here two reasons why such motion should have been granted.  1st. That the proof failed to show any consideration for the note sufficient to charge this defendant.  2d. That no demand of payment upon the maker had been proved.

That the settlement and satisfaction of a pre-existent debt is sufficient consideration for a note given in such settlement, is too well settled to require argument at this day, and we do not understand that appellant contends to the contrary so far as the original debtor, as the maker of the note, is concerned.  He does, however, contend that as no consideration actually passed from the original creditor, that is, that he parted with nothing of value at the time of the transaction, there was no such consideration as would sustain his contract as indorser, as he was a stranger to the original indebtedness.  We think, however, that by consenting to become a party to the note, and an indorser thereof before delivery, he identified himself with the maker and became a party to the consideration, and that as there was a good consideration for the making, there was also, under the circumstances disclosed by this case, a good consideration for the indorsement.

Where the language of the waiver, as in this case, was only of the protest, it would be a question of some importance to determine whether or not in the absence of a statute upon the subject it could by intendment be so extended as to be a waiver of demand of the maker.  But that case is not now

presented, as this note was executed in California where there is legislation upon this subject. Section 3160 of the Civil Code of California is as follows: "A waiver of protest on any negotiable instrument, other than a foreign bill of exchange, waives presentment and notice;" and aided by this, the waiver on the note in question was a waiver of demand, and therefore it was not necessary to prove one.

The defendant asked the court to submit two questions to the jury. The first was as follows, to wit: "Did the plaintiff in this action ever present the note to the maker thereof or demand payment of the same from the maker, John Wilkie, before the commencement of this suit?" We have already seen that there was absolutely no proof as to demand, and that under the law of the case no demand was necessary, and hence it would have been worse than idle to have submitted such question, and the court did only its duty in refusing so to do.

The second question was: "Did the defendant, David Wilkie, sign the note as maker, surety or indorser?" The court properly refused to submit this question for the reason that the undisputed proofs show that he signed the same as indorser, as not only the plaintiff's proofs showed this to be the fact, but the same was testified to by defendant himself. Besides, the question was not in such form that the court could properly require the jury to answer it. The jury from it might feel called upon to answer in which of said capacities he signed, and equally as well might feel called upon to answer "yes" or "no" as to the entire question. Questions submitted to a jury for a special finding should be carefully drawn, and call for a direct answer, and should be such that all minds would understand them alike; and if not so framed, the court should refuse to submit them.

On the whole record we see no error, and the judgment must be affirmed, with costs; and it is so ordered.

Scott and Stiles, JJ., concur.

Anders, C. J., and Dunbar, J., not sitting.