## WARDS AND ANOTHER V. SPARKS AND ANOTHER.

### Decided November 15, 1890.

1. *Sight bill entitled to grace.*

   A bill of exchange payable at sight is entitled to three days of grace.

2. *Protest—When not premature.*

   A complaint which alleges that a sight draft, executed in Arkansas on the 15th of March and held in Memphis, Tenn., at a time unfixed, was protested for non-payment in Kansas City, Mo., on the 19th of said month, does not show a premature protest.

3. *Protesting draft—Sufficiency of complaint.*

   When a complaint alleges that a bill was protested for non-payment, it will be assumed that all steps necessary to fix the drawer's liability were taken.

APPEAL from *Crittenden* Circuit Court.

J. E. RIDDICK, Judge.

*N. W. Norton* for appellants.

1. There is no allegation of notice of protest and dishonor. 9 Ark., 233; 33 Ark., 33; 37 Ark., 276. Notice was necessary to fix liability. Notice is not alleged, and a default only admits the allegations of the complaint. When they are insufficient to support the judgment, it will be reversed. 41 Ark., 42.

2. No grace was allowed. Sight drafts are entitled to grace. 1 Dan., Neg. Inst., sec. 617; 33 Ark., 18. Demand before or after the third day of grace will not charge drawer or endorser. 1 Dan., Neg. Inst., sec. 614.

*Sanders & Watkins* for appellees.

1. The allegation that the draft was duly *protested* carries the presumption of demand, notice, etc., and if there was any failure in these requisites it was matter of defense. Rapalje & Lawrence, Law Dic., p. 1030. The object of protest is to give notice, and preserve the evidence of it. The endorsement, "protested for non-payment," necessarily meant that notice was given.

2. Throughout chapter 14, Mansfield's Digest, the word protest is used as including all the steps necessary to charge the drawer or endorser, and such is its meaning among commercial men. Dan., Neg. Inst., vol. 2, sec. 929; 31 Ark., 609; 30 Ark., 69; 2 Ohio St., 242; 12 Wheaton, 64.

3. See 11 S. W. Rep., 252; 17 Pac. Rep., 823; 36 Kan., 495; 32 Minn., 465, for cases showing that pleadings are liberally construed after judgment. Also 129 U. S., 233.

4. The contention that the draft was protested prematurely is without foundation in fact. There was no evidence to that effect, and this court will not take judicial knowledge of the fact that the draft could not have gone from Memphis to Kansas City, and still have allowed the three days' grace, within the time shown by the endorsements.

HEMINGWAY, J. From a judgment by default rendered

against the appellants as drawers of a foreign bill of exchange, this appeal is prosecuted.

It is contended that the allegations of the complaint do not disclose a cause of action, for the reasons, (1) that it appears that the draft was presented for payment prematurely; (2) that it is not alleged that notice of dishonor was given to the appellants.

The bill which was filed with the complaint as the basis of the action is as follows:

$562.50.        CHERRY VALLEY, ARK., March 15, 1888.

At sight pay to the order of Sparks & Mitchell five hundred and sixty-two and $\frac{50}{100}$ dollars, value received, and charge to account of                WARDS & DUDLEY.

To B. F. Pratt & Co., Kansas City, Mo.

Across the face is written "Protested for non-payment, March 19, 1888. EDWIN C. MESERVEY, Notary Public."

It bears the following endorsements:

"SPARKS & MITCHELL."

"For deposit only with Union Planters Bank, Memphis, Tenn., for account of        HILL, FONTAINE & CO."

The complaint is as follows:

"The plaintiffs, for cause of action herein against the defendants, state that they are indebted to them in the sum of five hundred and sixty-two dollars and fifty cents, evidenced by their certain draft, dated at Cherry Valley, Arkansas, March 15, 1888, and due at sight, and drawn on B. F. Pratt & Co., Kansas City, Mo., and which was duly presented for payment to B. F. Pratt & Co. and payment refused, and which was protested for non-payment March 19, 1888. The original draft is hereto attached and made a part of the complaint. Wherefore, the premises considered, plaintiffs pray judgment for the amount of said draft and all costs."

1.   That a bill payable at sight is entitled to grace seems

**1. Sight bill entitled to grace.** to be held by the current of authorities; it has been so ruled by this court. Tiedeman, Com. Paper, sec. 315 and cases cited; *Craig v. Price*, 23 Ark., 633; 1 Dan., Neg. Inst., sec. 611.

**2. Protest— When not premature.** The complaint alleges that the bill was "duly presented for payment"—that is to say, that it was presented in all respects as it should have been. But it is contended that the endorsement in the bill contradicts the averment; and, to support the contention, it is said that the bill was executed in Arkansas on the 15th of March, that it was held in Memphis at a time unfixed, that it was presented for payment in Kansas City on the 19th of the same month, and that this precludes the idea that days of grace were given the drawee. Under the law the bill should have been presented to the drawee for sight (1 Dan., Neg. Inst., sec. 617), and should then have been presented for payment after the term of grace expired. We cannot say that the bill did not pass to a party in Memphis, and still reach Kansas City in time to be exhibited to the drawee on the 16th, in order to fix the time of actual maturity on the 19th. Nor does it appear by the endorsement, that it may not have been in Memphis after its dishonor.

**3. Protesting draft—Sufficiency of complaint.** 2. The complaint alleges that the bill was protested for non-payment. In its original technical sense, protesting a bill was proving to a notary that due steps had been taken by the holder to protect him against loss by reason of non-acceptance or non-payment by the drawee. In its popular sense, it includes all the steps necessary to fix the liability of the drawer or endorser. 2 Dan., Neg. Inst., sec. 929. The statutes of Arkansas seem to have adopted the popular use of the term protest, since by them it is provided that the holder shall have his action when protest has been properly made. Mansf. Dig., sec. 469. The pleader used the term as it is employed in the statute, and, as all pleadings are to be liberally construed with a view to substantial justice, we think the complaint sufficient.

The judgment will be affirmed.