13  407
41  300

[No. 1980. Decided January 9, 1896.]

DONOHOE KELLY BANKING COMPANY, *Respondent,* v. THE PUGET SOUND SAVINGS BANK *et al., Defendants,* JULIUS HORTON *et al., Appellants.*

NEGOTIABLE INSTRUMENTS — INDORSEMENT BEFORE DELIVERY — LIABILITY OF PARTY.

One who, not being the payee, writes his name on the back of a promissory note after its execution and before delivery is *prima facie* liable thereon as a joint maker.

Appeal from Superior Court, King County.— Hon. THOMAS J. HUMES, Judge. Affirmed.

*Donworth & Howe,* and *John G. Barnes,* for appellants.

*Bausman, Kelleher & Emory,* and *Cox, Cotton, Teal & Minor* for respondent.

The opinion of the court was delivered by

DUNBAR, J.—On August 2, 1893, the plaintiff, respondent in this case, the Donohoe Kelly Banking

Company of California, wrote to the defendant bank, asking for a note of $5,000 to take up a certificate of deposit which the plaintiff then held against the defendant bank.   The reference in the letter to the note was as follows:

"In view of the temporary extension we are compelled to grant you in the matter of the loan of $5,000, please supply us with security at once, in the form of a promissory note issued by the bank and indorsed by the directors and made payable, say one day after date."

In accordance with this request an ordinary promissory note for $5,000 was drawn up in favor of the respondent bank, signed by the Puget Sound Savings Bank, the defendant, and indorsed by A. H. Jose, W. D. Perkins, H. S. Martin, Julius Horton and J. Loring Whittington.   The note was dated at Seattle, August 7, 1893, and was made payable in Seattle at the Puget Sound Savings Bank.   The note was indorsed as aforesaid after its execution and before it became due, was retained by the officers of the bank who are the indorsers mentioned above until the 8th day of August, and was then mailed to the respondent at San Francisco. In the course of time suit was brought against the bank and the indorsers to recover the amount specified in the note.   Judgment was obtained against the defendants in the court below, from which judgment Horton and Whittington appealed to this court.   It may be said that upon the close of the testimony the court instructed the jury to find a verdict for the plaintiff.

The pertinent question in this case is, what is the liability assumed by a third person, or a person other than the payee, who writes his name on the back of a promissory note after its execution by the maker and

before the delivery to the payee?  It is conceded by the appellants that the weight of authority is that in the absence of special agreement the law will imply an undertaking as maker, but they claim that the weight of reason is in favor of the liability as indorser.  And it is also claimed by the appellants, that the text writers are uniform in support of this proposition.  It may be said, however, in answer to this, that it is the adjudication by courts rather than the personal opinion of text writers which settles the law in regard to questions of this kind.  The text writers, however, we find upon an examination are not uniform in holding the liability of a signer of this kind to be that of an indorser.  It is true that Mr. Daniels, in his work on Negotiable Instruments (§ 714), states that his own view is that the party who puts his name on the back of a negotiable note before it is indorsed by the payee should be presumed to be a first indorser. But the idea of Mr. Tiedeman, in his work on Commercial Paper (§ 271), is that the liability is that of a guarantor; while Edwards on promissory notes inclines to the rule enunciated by the supreme court of the United States in *Rey v. Simpson*, 22 How. 341, viz., that the liability is that of a joint maker; and Randolph on Commercial Paper (§ 831), says, in discussing this question:

" The view which finds most support is probably that which holds the indorsement of a negotiable note by a stranger before or at the time of its delivery to the payee to be *prima facie* an original undertaking as joint maker, with an implied liability as such to the payee and all holders for value."

Mr. Daniels seems to think that the effect of the court's holding the parties liable as joint makers has been to mystify the law and make its administration

uncertain. It seems to us, however, that such a holding would tend to simplify the administration of the law and make certain the liability.

The confusion growing out of an attempt to determine the liability to be other than that of a joint maker is demonstrated by the fact that the New York, Pennsylvania, Tennessee, Alabama, Indiana, Mississippi, Wisconsin and Oregon courts have held in accordance with the theory announced by Mr. Daniels, viz., that such signers were first indorsers; while California, Illinois, Kansas, Kentucky, Nebraska and Nevada reflect the idea enunciated by Mr. Tiedeman, that their liability is that of a guarantor. On the other hand the courts of Vermont, Massachusetts, New Jersey, Missouri, Maryland, New Hampshire, Michigan, Virginia, Colorado, Wisconsin, Texas, Utah, Ohio, Rhode Island, Louisiana, Minnesota, North Carolina, South Carolina and the supreme court of the United States have decided squarely that the liability of a person other than the payee who signs the note on its back before it is due, is that of a joint maker. The reasons for these respective decisions are so multifarious and have been so often repeated that it would serve no good purpose to indulge in an analysis of them here. But we are satisfied with the reasoning of the courts last mentioned and hold with them that *prima facie*, at least, the liability in such case is that of a joint maker.

We do not think, however, that the decision of this proposition was really necessary in this case for the whole circumstances of the case show so plainly that it was neither the intention of the plaintiff or the defendants that the defendant indorsers, (and we use this word "indorser" simply to distinguish those who signed on the back of the note from those who signed

at the bottom), intended that their liability should be other than that of the liability of a maker, and that they waived their rights as indorsers or guarantors.

The circumstances surrounding the request for and the excution of this note make it absolutely impossible that the intention on either side was that the indorsers should have a right to demand and notice. Here was a note executed in Seattle in favor of a party who lived in San Francisco, one thousand miles away, and made payable one day after date; and the court will take judicial notice that if it had been mailed on the day it was executed it would have been a physical impossibility for it to have been delivered in San Francisco before it was due, much less to have been returned to Seattle and notice served upon the indorsers before its maturity. And the canon of interpretation, invoked by the appellants and which was announced in the case of *Rey v. Simpson, supra,* that " the interpretation of the contract ought in every case to be such as will carry into effect the intention of the parties," when applied to this case, precludes the appellants from the benefit of the defense which they claim; for the *i*dea that they could intend that their liability depended upon notice and demand after maturity under the circumstances of this case is so absolutely contradicted by the circumstances themselves, that we are at a loss to know how to discuss the proposition.

We do not think there is any merit in any of the contentions of the appellants, and the judgment will therefore be affirmed.

Hoyt, C. J., and Anders, Scott and Gordon, JJ., concur.

### ON PETITION FOR RE-HEARING.

*Per Curiam:* The attention of the court is called

by the petition for re-hearing in this case to the fact that the appellants alleged as error the assessment of the amount of recovery, the same being too large. In the interest of the discussion of the main question involved in this case this matter was overlooked. It is claimed by the appellants that the verdict exceeded the amount due on the note by $37.51. As this claim was made in the brief of the appellants and not controverted by the brief of the respondent, we will treat it as an accepted fact, without entering into a computation of the interest due on the note sued on. The original opinion will, therefore, be modified to the extent that the judgment will be affirmed upon the remittance by the respondent of $37.51.