(June 11, 1909.)

BANK OF MONTPELIER, Respondent v. MONTPELIER LUMBER CO., Respondent, and JAMES REDMAN et al., Appellants.

[102 Pac. 685.]

PROMISSORY NOTE—INDORSEMENT BEFORE DELIVERY—LIABILITY OF INDORSER—WAIVER OF PROTEST—PRESENTMENT AND DEMAND—SALE OF MORTGAGED PROPERTY.

1. Under the provisions of sec. 3520 of the Rev. Codes, any person placing his signature upon a promissory note otherwise than as maker, drawer or acceptor, must be treated as an indorser, unless he clearly indicates by appropriate words his intention to be bound in some other capacity.

2. Where A signs his name on the back of a note prior to its delivery, without making any further indorsement indicating his intention to be bound otherwise, he must be held as an indorser.

3. Where A indorses a promissory note and at the same time writes above his signature the words, "protest and notice of protest waived," he thereby waives presentment and demand for payment and all steps necessary to be taken to bind an indorser on commercial paper.

4. The word "protest" in its popular sense, as generally and ordinarily used in commercial transactions, covers and includes all those acts and things necessary to be done in order to bind the indorser for the payment of the debt evidenced by the paper indorsed.

5. Under the provisions of sec. 3568 of the Rev. Codes, a waiver of protest, whether in the case of a foreign bill of exchange or other negotiable instrument, is deemed to be a waiver, not only of a formal protest, but also of a presentment and notice of dishonor.

6. Where the maker of a promissory note subsequent to the maturity thereof executes a mortgage in favor of the payee, and thereafter the payee, with the consent of the mortgagor, sells and disposes of the property at private sale and applies the proceeds toward the payment of the debt and the indorsers are sued for the balance due, the fact that such sale was not made under legal process, as prescribed by the statute for the foreclosure of mortgages, is not available as a defense to the indorsers upon such paper, where their indorsement was made prior to the delivery of the paper and without reference to the mortgage.

(Syllabus by the court.)

APPEAL from the District Court of the Fifth Judicial District, for Bear Lake County. Hon. Alfred Budge, Judge.

Action against the maker and indorsers of a promissory note for the balance due thereon. Judgment for plaintiff and the indorsers appealed. *Affirmed.*

Thos. L. Glenn, A. B. Gough, and Chas. E. Harris, for Appellants (J. T. Pence, of Counsel).

Notice to the indorsers is absolutely necessary to charge them, otherwise they are discharged. (Sess. Laws 1903, p. 395, sec. 89; *Rockfield v. First Nat. Bank,* 77 Ohio St. 311, 83 N. E. 392, 14 L. R. A., N. S., 842, 847, and notes appended.) And there is no question but what these defendants are indorsers. (Sess. Laws 1903, p. 391, sec. 63; *Deahy v. Choquet,* 28 R. I. 338, 67 Atl. 421, 14 L. R. A., N. S., 847.)

A waiver as to protest does not reach nor can it affect the necessity of notice of demand and nonpayment. And the indorsers are released on failure to give such notice. (*Lemmert v. Guthrie,* 69 Neb. 499, 111 Am. St. 561, 95 N. W. 1046, 62 L. R. A. 954.)

This court has held that the mortgagor could not agree on a different method than that prescribed by law, even in the instrument of mortgage, and that if any other method was pursued a recovery could not be had in law on the deficiency. (*Rein v. Callaway,* 7 Ida. 634, 65 Pac. 63; *Biddel v. Brizzolara,* 64 Cal. 354, 30 Pac. 609; *Brown v. Willis,* 67 Cal. 235, 7 Pac. 682; *Brown v. Bryan,* 5 Ida. 145, 51 Pac. 995.)

The mortgagee cannot waive his security and sue on the debt.   (*First Nat. Bank v. Williams,* 2 Ida. 670, 23 Pac. 552; *Barbieri v. Ramelli,* 84 Cal. 154, 23 Pac. 1086; *Savings & Loan Society v. Thornton,* 109 Cal. 427, 50 Am. St. 52, 42 Pac. 447; *Bank v. Williams,* 2 Ida. 670, 23 Pac. 552.)

Clark & Budge, for Respondent.

The provision of the statute (Laws 1903, p. 294, sec. 89) requiring presentment and notice to each indorser has no application to this case, and it was not necessary either to allege or to find that demand or presentment was made and notice of nonpayment given to appellants, because they dispensed with such requirement of the statute, both expressly and by implication, and the waiver is shown by both the complaint and the findings.   (*Dewey v. Sibert,* 21 S. D. 480, 113 N. W. 721; *Deahy v. Choquet,* 28 R. I. 338, 67 Atl. 421, 14 L. R. A., N. S., 847; *Valley Nat. Bank v. Urich,* 191 Pa. 556, 43 Atl. 354; *City Sav. Bank v. Hopson,* 53 Conn. 453, 5 Atl. 601; *Cooke v. Pomeroy,* 65 Conn. 466, 32 Atl. 935; *Parr v. City Trust etc. Co.,* 95 Md. 291, 52 Atl. 512; *Wilkie v. Chandon,* 1 Wash. 355, 25 Pac. 464; *Johnson v. Parsons,* 140 Mass. 173, 4 N. E. 196; *Timberlake v. Thayer,* 76 Miss. 76, 23 So. 767; *Swope v. Boone Co. Bank of Kentucky,* 31 Ky. Law. Rep. 48, 101 S. W. 334; *Wood River Bank v. First Nat. Bank,* 36 Neb. 744, 55 N. W. 239; *Wolford v. Andrews,* 29 Minn. 250, 43 Am. Rep. 201, 13 N. W. 167; *First Nat. Bank v. Falkenhan,* 94 Cal. 141, 29 Pac. 866; 7 Cyc. 1137.)

The mortgage in this case does not secure the obligation of appellants as indorsers, but only the obligation of the maker, the Montpelier Lumber Co.   (*Vandewater v. McRee,* 27 Cal. 596; *Allin v. Williams,* 97 Cal. 403, 32 Pac. 441.)

The following cases lay down the same doctrine, and also hold that an indorser may be sued without a prior resort by the payee to the security given by the maker: *Hoover v. McCormick,* 84 Wis. 215, 54 N. W. 505; *Fuller v. Tomlinson,* 58 Iowa, 111, 12 N. W. 127; *Kinsel v. Ballou,* 151 Cal. 754, 91 Pac. 620; *Frankling v. Browning,* 117 Fed. 226, 54 C. C. A. 258; *Ross v. Jones,* 89 U. S. (22 Wall.) 576, 22 L. ed. 730.

In this case the mortgage was executed by the Montpelier Lumber Co.; appellants were not mortgagors; appellants' contract of indorsement was collateral to the original obligation of the Montpelier Lumber Co. and was not secured by the mortgage.   (*Kinsel v. Ballou, supra.*)

AILSHIE, J.—This action was instituted by the Bank of Montpelier against the Montpelier Lumber Company, a corporation, and James Redman, Walter Hoge, M. Rosenbaum, Alex Beckman, Alphonzo Quayle, W. D. Ream and William Quayle, to recover on a certain promissory note for $1,300, together with interest and attorneys' fees.   This note was executed by the defendant lumber company on the 17th day of May, 1903, due sixty days after date, and was indorsed by the other defendants on the same day and prior to delivery.

The plaintiff alleged that at the time of the execution of the note by the company, and before its delivery, the individual defendants indorsed the note, and thereby guaranteed the payment of same, writing on the back thereof the following words, "protest and notice of protest waived." The individual defendants, with the exception of Rosenbaum, answered, admitting the execution of the note and indorsement by themselves, and also setting up certain matters in defense of the action.   They allege that after the execution of the note, and long after its maturity, the plaintiff accepted from the lumber company a real estate mortgage securing payment of the note.   That the individual defendants repeatedly requested the plaintiff to foreclose the mortgage, but that it failed and refused to do so, and sold or permitted the property to be sold at private sale, and that by doing so the bank had released the individual defendants and indorsers. They also allege that they had never received any notice of nonpayment of the note, and that such notice had never been given and that demand had never been made.

The case was tried on these issues, resulting in findings and judgment in favor of the plaintiff and against the defendants in the sum of $2,064.   The defendants, who indorsed the note, appealed from the judgment.

The first contention made by the appellants is that they are not liable for the reason that they were never given notice of nonpayment of the note by the maker, and that in order to bind them it was necessary that the plaintiff make presentment and demand for payment and give the appellants notice of the nonpayment. Respondent contends, on the contrary, that it was unnecessary to make presentment and demand for payment, or to give any notice to the appellants for the reason that they had waived the same. It will be observed that the indorsers wrote above their signatures these words, "Protest and notice of protest waived."

Before considering the import and extent of this waiver it is well enough to observe that these appellants are indorsers within the purview and meaning of sec. 63 of the "Negotiable Instruments Law" of this state (Laws 1903, p. 391), which section is embodied in sec. 3520 of the Rev. Codes. That section reads as follows:

"A person placing his signature upon an instrument otherwise than as maker, drawer or acceptor is deemed to be an indorser, unless he clearly indicates by appropriate words his intention to be bound in some other capacity."

The uniform negotiable instruments law, in substantially the same form as we have it, has been adopted in the majority of the states of the Union, and has received construction by many of the courts. Under the provisions of this statute there is no doubt but that the appellants are to be treated and held as indorsers. (See *Rockfield v. First Nat. Bank of Springfield*, 77 Ohio St. 311, 83 N. E. 392, 14 L. R. A., N. S., 842; see, also, note to same case; *Dealy v. Choquet*, 28 R. I. 338, 67 Atl. 421, 14 L. R. A., N. S., 847; *Toole v. Crafts*, 193 Mass. 110, 118 Am. St. 455, 78 N. E. 775; *Farquhar Co. v. Higham*, 16 N. D. 106, 112 N. W. 557.)

As to whether a waiver of protest and notice of protest amounts to a waiver of presentment and demand for payment is one on which the courts are not in harmony. Some of the courts have held that these contracts of waiver must be strictly construed, and that the indorser will only be held to have waived such requirements as are specifically covered by the language used in his contract. (*Sprague v. Fletcher*, 8 Or.

367, 34 Am. Rep. 587; *Freeman v. O'Brien*, 38 Iowa, 406; *Lemmert v. Guthrie*, 69 Neb. 499, 111 Am. St. 561, 95 N. W. 1046, 62 L. R. A. 954.)  Other courts have been more liberal, and incline to hold the indorser to the intent of his contract as the language employed is generally and popularly understood.  Accordingly, it has been held that a waiver of protest and notice of protest is a waiver of presentment and demand, and all those acts necessary to bind the indorser for the payment of the debt.  (*Gordon v. Montgomery*, 19 Ind. 110; *Matthey v. Gally & David*, 4 Cal. 62, 60 Am. Dec. 595; *Coddington v. Davis*, 1 N. Y. 186, 3 Denio, 16; *Wards v. Sparks*, 53 Ark. 519, 14 S. W. 898, 10 L. R. A. 703; *McFarland v. Pico*, 8 Cal. 626; *City Sav. Bank v. Hopson*, 53 Conn. 453, 5 Atl. 601; *Wilkie v. Chandon*, 1 Wash. 355, 25 Pac. 464; 7 Cyc. 1137.)

It is true that technically speaking the word "protest" only applies to and covers the formal writing and declaration made by the officer, who is ordinarily a notary, stating that the bill or note was duly and regularly presented in accordance with the laws governing commercial paper, and that payment was refused, and that he thereby formally protests the same for nonpayment. This, however, does not cover the meaning of the word as generally used in commercial transactions and as it is commonly understood in the business world.  In its popular sense it includes all the steps necessary to fix the liability of the indorser and this necessarily includes demand of payment, refusal to pay, and notice.  (*Price v. McClave*, 13 N. Y. Super. Ct. 544; *Wards v. Sparks*, 53 Ark. 519, 14 S. W. 898, 10 L. R. A. 703; 2 Daniel on Neg. Inst., sec. 929; 6 Words and Phrases, 5743.)

Under the provisions of sec. 82 of the Negotiable Instruments Act (sec. 3539, R. C.), "Presentment for payment is dispensed with: . . . . Third.  By waiver of presentment, express or implied."  Sec. 109 of the same act (sec. 3566, R. C.) provides that "Notice of dishonor may be waived, either before the time of giving notice has arrived, or after the omission to give due notice, and the waiver may be expressed or implied."  Sec. 111 (sec. 3568, R. C.) says, "A waiver of protest, whether in the case of a foreign bill of

exchange or other negotiable instrument, is deemed to be a waiver not only of a formal protest, but also of a presentment and notice of dishonor.''

Under these express provisions of the statute, and in view of the popular and generally accepted meaning of the term ''protest'' we have no hesitancy in holding that an indorser who waives ''protest and notice of protest'' thereby waives and intends to waive presentment and demand and notice of the same and of the dishonor of the paper.

It is next insisted by the appellants that since the respondent, subsequent to the maturity of the paper, received and accepted a mortgage from the maker of the note as security for the payment of the same, it thereby released appellants; they also contend that they would be entitled to their release on account of the respondent's having sold or disposed of the mortgaged property or permitted it to be sold and disposed of without doing so under and by virtue of legal process. In support of this contention appellants seem to rely chiefly on the authority of *Rein v. Callaway,* 7 Ida. 634, 65 Pac. 63. That was a case wherein a chattel mortgage contained a stipulation authorizing the mortgagee upon breach of the contract to take possession of the property mortgaged and to sell the same at private sale without notice and without resorting to any process whatever. The mortgagee in pursuance of that stipulation took possession of the property and sold it and thereafter sued the mortgagor to recover the balance due.

On appeal this court held that such a stipulation was void, and that since the mortgage constituted the primary security and obligation, the mortgagee could not take possession of the property and sell and dispose of it, and thereafter maintain an action for recovery on the contract or for any balance that he might allege to be due thereon. That case, however, is not in point here. That action arose between the mortgagor and mortgagee. There the mortgagor was complaining of the action of the mortgagee in seizing his property and selling it at private sale. Here the appellants were not parties to the mortgage contract. The execution of this mortgage did not enter into their obligation; their contract of indorsement was

not made in consideration of the mortgage being executed by the maker of the note. The mortgagor is not complaining of the action of the mortgagee in selling the property and applying the proceeds to the payment of the debt. The appellants, as indorsers of the note, cannot be injured or prejudiced by the action of the respondent in selling the property and applying the proceeds to the payment of this indebtedness. If it received more than it has credited or admits, that defense is open to appellants. Whatever may have been received from the mortgage was to the advantage and betterment of the condition of the indorsers. The appellants have no cause of complaint on account of the respondent selling the mortgaged property at private sale instead of under legal process.

We find no error in the record and the judgment should be affirmed, and it is so ordered. Costs awarded in favor of respondent.

Sullivan, C. J., and Stewart, J., concur.