[No. 22934.    Department One.    March 19, 1931.]

LESTER E. PIERCE, *Respondent*, v. CHARLES LOWENTHAL et al., *Appellants.*[1]

*W. G. Boland,* for appellants.

*Roberts & Roberts* and *Walter V. Swanson,* for respondent.

HOLCOMB, J.—This action upon a note, indorsed by appellant Charles Lowenthal, who will henceforth be mentioned as if the only appellant, was tried to the court without a jury, who found the facts in favor of respondent and entered judgment accordingly.

[1] Reported in 295 Pac. 1021.

The facts are irreconcilably conflicting, but there is ample evidence in the record to support the findings made by the trial court.

From the evidence adduced by respondent, upon which the trial court found in his favor, the following appears:

At some time during 1926, respondent was in the restaurant business, with one Nesbit as copartner. During the partnership, Nesbit became indebted to Pierce in approximately the sum of six hundred dollars. This indebtedness was evidenced by a promissory note, payable by Nesbit to Pierce. Thereafter, respondent sold his interest in the restaurant to appellant. Respondent and Nesbit dissolved partnership, and appellant became Nesbit's partner in the restaurant, which was situated in the same block, and but three or four doors distant, from a pawnshop conducted by appellant in Yakima. When the note from Nesbit to Pierce became due, Pierce met Nesbit in the pawnshop of appellant to discuss the matter of payment of the note. After some discussion, in the presence of appellant, Pierce insisting upon immediate payment of the note, the parties made a new note to replace the old one, which new note was signed by Nesbit as maker and indorsed on the reverse side by appellant. The indorsement on the back of the note reads:

"For value received, I hereby promise payment on the within note and waive demand, protest and notice of non-payment.          Charles Lowenthal."

Subsequently to the making of this note, Nesbit was adjudged a bankrupt, and discharged of his obligation by bankruptcy proceedings. Having been thus discharged, he was not joined in this action, respondent relying upon the obligation of appellant, as evidenced by his indorsement on the note.

Appellant defended upon two grounds: First, that he was an accommodation indorser for the purpose of accommodating the payee named in the note; and, second, that nothing of any value or consideration moved either to appellant or to the community of himself and wife.

The court found that the note in suit was signed by Nesbit, as maker, and indorsed by appellant before delivery. The testimony of respondent and Nesbit, all of which has been read, although positively contradicted by appellant, convinces us, as it did the trial court, that the indorsement was signed by appellant *before delivery.*

Conceding, as contended by appellant, that the burden of proof is on the plaintiff to show who was accommodated (1 C. J. 1148, 48 C. J. 611-12), that burden of proof was fully met by respondent.

Such being the case there is no aid for appellant in the provisions of Rem. Comp. Stat., § 3455, quoted by him, that:

"Where a person, not otherwise a party to an instrument, places thereon his signature in blank before delivery, he is liable as indorser in accordance with the following rules: . . .
"3. If he signs for the accommodation of the payee, he is liable to all parties subsequent to the payee."

It being an established fact that appellant signed for the accommodation of the payor, notwithstanding the payee knew at the time of taking the instrument that appellant was only an accommodation party under the provisions of Rem. Comp. Stat., § 3420, he is liable to any holder for value.

It cannot be questioned that the antecedent or pre-existing debt constituted value as to Nesbit and respondent. (Rem. Comp. Stat., § 3416.) By consenting to become an indorser before delivery of the note,

appellant became a party to the note and identified himself with the maker, as to whom there was no question that there was a good consideration for the making, and, consequently, there was a good consideration for the indorsement. *Wilkie v. Chandon,* 1 Wash. 355, 25 Pac. 464; *Donohoe-Kelly Banking Co. v. Puget · Sound Savings Bank,* 13 Wash. 407, 43 Pac. 359, 52 Am. St. 57.

As to the liability of the community of appellant and wife, viewing the whole history of the dealings between appellant, Nesbit and respondent, we consider the obligations incurred by appellant so connected with and intended to benefit the community that the signing of the indorsement by appellant became a community obligation. *Kuhn v. Groll,* 118 Wash. 285, 203 Pac. 44.

The judgment was right and is affirmed.

TOLMAN, C. J., MITCHELL, PARKER, and MAIN, JJ., concur.