[No. 25301.   Department One.   December 10, 1934.]

S. F. MALLETTE, *Respondent,* v. POHLMAN INVESTMENT
COMPANY *et al., Appellants.*[1]

*O. C. Moore,* for appellants.

*Cannon, McKevitt & Fraser,* for respondent.

[1] Reported in 38 P. (2d) 357.

BEALS, C. J.—In his amended complaint, plaintiff declared upon a promissory note for five thousand dollars, dated July 18, 1932, payable one year after date to the order of Walter K. Mallette, signed by Pohlman Investment Company, by Edward Pohlman, President, and indorsed by J. Victor Pohlman, J. J. Crosby, and Edward Pohlman as individuals. It was alleged that Pohlman Investment Company was a corporation, the individual makers of the note with their respective wives making up the list of the other defendants.

The Crosbys were not served with process, and made no appearance in the action. The other defendants appeared, and admitted the corporate existence of the Pohlman Investment Company and certain other formal matters, denying, however, the execution of the promissory note by the corporation. By way of affirmative defenses, they pleaded, first, want of corporate authority to execute on behalf of the corporation the note sued upon; second, that the note was without consideration moving to any of the defendants, and that plaintiff was not a holder of the note in due course; and third, that Walter K. Mallette, the payee named in the note, was, by reason of a breach of contract on his part, indebted to defendants J. V. and Edward Pohlman in an amount largely in excess of the principal amount of the promissory note.

The issues being regularly made up, the action was tried to the court, and resulted in findings of fact, conclusions of law and judgment in plaintiff's favor for the full amount sued for, together with an attorney's fee of five hundred dollars and incidental costs; from which judgment defendants appeal.

The court found that respondent, S. F. Mallette, was not a holder in due course of the note sued upon, and

that the note was subject to any defenses which might exist against the payee therein named. This finding has become the law of the case, no objection thereto being urged by respondent.

Appellants assign error upon the denial by the trial court of their motion for an order requiring respondent's reply to be made more definite and certain; upon the order of the trial court overruling their demurrer to respondent's reply; upon the ruling of the trial court denying their motion, made at the opening of the trial, for an order dismissing the action and awarding them judgment on the pleadings; upon rulings of the trial court admitting, over their objection, evidence offered by respondent; upon the denial of their motion for judgment in their favor made at the close of respondent's case and renewed at the conclusion of the trial; and upon the entry of judgment against appellants. Error is also assigned upon certain findings of fact made by the trial court, as well as upon the conclusions of law in respondent's favor.

It appears from the evidence that Pohlman Investment Company (hereinafter referred to as the company) was organized in 1907; that its corporate stock was owned forty-nine per cent by appellant Edward Pohlman, fifty per cent by appellant J. Victor Pohlman, and one per cent by George Pohlman, the three stockholders being brothers, as well as business associates. Edward Pohlman was president of the corporation throughout its existence, J. V. Pohlman, vice-president, and George Pohlman, secretary.

Both the Pohlmans and the brothers Mallette, together with their mother, Mabelle L. Mallette, were interested in different mining properties, respondent contending that the note sued upon was executed pur-

suant to the following contract, which was received in evidence as part of respondent's case.

"THIS CONTRACT, made in triplicate, this 18th day of July, 1932, by and between MABELLE L. MALLETTE, acting by and through Walter K. Mallette, her attorney-in-fact, hereinafter called the Owner, the POHLMAN INVESTMENT COMPANY, a corporation, hereinafter called the Fiscal Agent, and WALTER K. MALLETTE, WITNESSETH:

"That for and in consideration of the mutual promises hereinafter contained it is understood and agreed between the respective parties:

### I.

"At the expense of the Fiscal Agent a corporation shall be organized under the laws of the state of Washington to be known as the Virginia City Gold Mining Company, capitalized at two million (2,000,-000) shares of the par value of ten cents (10c) per share.

### II.

"The Owner hereby promises and agrees that in consideration of the issuance to her of all the said capital stock she will convey or cause to be conveyed to the said corporation so to be formed the property known as the Prospect Mine, located near Virginia City, Madison County, Montana, and consisting of five (5) patented claims, more particularly described as follows:

"PROSPECT, EXCELSIOR, CYNIDE, DEAD SHOT and LILLY. That the Owner will immediately donate to the treasury of the said Virginia City Gold Mining Company six hundred thousand (600,000) of said shares for the purpose of financing the operations of the company.

### III.

"The Owner agrees immediately to set aside and sell to the Fiscal Agent One Hundred Thousand (100,000) shares of said Owner's stock in said corporation at a price of Five cents (5c) per share, or the sum of Five Thousand Dollars ($5,000), to be delivered to said

Fiscal Agent on the receipt of its note, payable on or before one (1) year from date, with interest at Six per cent (6%) per annum after maturity.

## IV.

"It is part of the understanding and consideration for this contract that the Fiscal Agent shall have the exclusive sale of the treasury stock of the corporation, when formed, and the signatories to this contract bind themselves that the company when organized shall make with the said Fiscal Agent a contract for the sale of the treasury shares of the corporation on the following terms:

"Four Hundred Thousand (400,000) shares shall be sold to net the company Five cents (5c) per share, payable as follows:

"One Hundred Thousand (100,000) shares on or before Ninety (90) days from the date of this agreement; and Three Hundred Thousand (300,000) shares on or before Six (6) months from the date of this agreement.

"The remaining Two Hundred Thousand (200,000) shares to be sold as follows:

"One Hundred Thousand (100,000) shares to net the company Six cents (6c) per share; and One Hundred Thousand (100,000) shares to net the company Seven cents (7c) per share

Payment for the latter two (2) blocks to be completed within one (1) year from the date of this agreement.

"IN WITNESS WHEREOF the parties have attached their names hereto the day and date above mentioned.

       "MABELLE L. MALLETTE
          "By Walter K. Mallette
            "Her Attorney-in-fact

"WITESS:      POHLMAN INVESTMENT COMPANY
"Edna V. Sandell      By Edw. Pohlman, Pres.
       "Walter K. Mallette    [SEAL]"

The court found that the promissory note sued upon was executed pursuant to the contract above set forth, which was pleaded by respondent in his reply to appellants' amended answer and set forth by

way of a bill of particulars filed by respondent pursuant to an order of the court made on appellants' motion.

In the first place, appellants contend that it must be held that respondent's reply constitutes a departure from his complaint, and that, therefore, the trial court improperly admitted the contract in evidence. In this connection, appellants contend that the contract calls for a promissory note payable to Mabelle L. Mallette, not one payable to Walter K. Mallette; that the note was to be the note alone of Pohlman Investment Company without indorsement by the Pohlmans or Crosbys as individuals; that the note called for by the contract was not to be payable one year from July 18, 1932, as is the note in suit, but one year after the delivery to Pohlman Investment Company by Mrs. Mallette of one hundred thousand shares of her stock in the Virginia City Gold Mining Company, the corporation referred to in the contract. In this connection, appellants also contend that respondent's case is incomplete, in that no assignment of Mrs. Mallette's interest in the contract to her sons or either of them appears in the record, and that, as she is not a party to this action, she herself may still have a right to assert under the contract a claim against appellants.

In the contract, Mabelle L. Mallette is referred to as "the Owner," Pohlman Investment Company as "the Fiscal Agent," Walter K. Mallette, without precise statement of his interest, being also, as an individual, a party to the contract.

By the terms of the contract, the owner agreed to sell one hundred thousand shares of her stock in the corporation which was to be organized at five cents per share, or five thousand dollars, to be delivered to the fiscal agent "on the receipt of its note, payable on

or before one (1) year from date." It can not be held, as matter of law, that the pleading of this contract by respondent constitutes a departure from his complaint. Such might or might not be the case as matter of fact. That was within the issues to be tried. The contract does not in express terms provide that the promissory note therein referred to should be payable to Mabelle L. Mallette or that the "one (1) year from date" referred to the date when the stock might be delivered, rather than the date of the contract or any date which the note might bear. Neither does the fact that the brothers Pohlman and Mr. Crosby indorsed the note bring the same without the terms of the contract. The note was still the note of the fiscal agent, no matter how many other parties joined in the execution thereof.

The authorities cited by appellants in support of their contention that respondent's reply constituted a departure from his complaint are not in point, but refer to situations entirely different from that here presented. The contract was properly received in evidence.

Appellants next contend that the note and contract constitute independent undertakings; that the note does not refer to the contract, and that the two instruments can not be considered together or the note held to be the note referred to in the contract. True, as argued by appellants, the note is a written instrument complete in itself, but whether or not it is the note executed pursuant to the contract was matter of proof, and the terms and conditions of the note were not varied by the fact that the trial court found that it was the note executed pursuant to the contract. The company might have offered under the contract its note payable to bearer, and if the note had been accepted, the parties would have been

bound by such acceptance. It is equally true that Mrs. Mallette could accept a note executed by the company payable to her son Walter or any other person. If the facts warranted such a holding, the trial court was perfectly justified in deciding that the note sued upon represented payment by the company for the one hundred thousand shares of stock which, under the contract, Mrs. Mallette agreed to deliver.

■ Appellants next contend that the note was neither authorized nor ratified by corporate resolution, and that, therefore, as the by-laws of the company provided that no contract should bind the corporation without previous authorization or subsequent ratification by the board of directors, the note in suit never became a valid obligation of appellant company. It clearly appears that the one hundred thousand shares of stock in the Virginia City Gold Mining Company, which under the contract above set forth were to be transferred to appellant company, were so assigned and accepted. The evidence clearly shows that appellant company, prior to the execution of the note in suit, had executed notes without previous authorization by its board of directors. Appellant Edward Pohlman testified that he had signed many notes, and on request failed to produce a single resolution authorizing such action.

It is manifest that appellants Pohlman used the company, owning as they did ninety-nine per cent of its capital stock, simply as a convenience in their business; and upon the record in this case, to hold that the company could escape liability upon the note in suit because the brothers had not met formally prior to its execution and authorized the making of the note by resolution, would be a travesty on justice. *Dexter Horton & Co. v. Long,* 2 Wash. 435, 27

Pac. 271, 26 Am. St: 867; *State v. Davies*, 176 Wash: 100, 28 P. (2d) 322.

■ Appellants next argue that the trial court erred in granting judgment against Edward and J. V. Pohlman as joint makers of the note with the company. True, the contract above set forth calls for the execution of the company's note in payment for the stock. The Pohlmans, however, were interested in the contract as stockholders in the company, and as such had a sufficient interest in the matter to constitute a valuable consideration for their indorsement of the note. They did indorse the note, and it can not be held, as contended by appellants Pohlman, that they were mere volunteers receiving no consideration, and that the obligation which they signed should not be enforced as against them. *Pierce v. Lowenthal*, 161 Wash. 336, 295 Pac. 1021.

Finally, appellants argue that Walter K. Mallette, the payee named in the note, unlawfully breached a contract between himself on the one hand and appellants Pohlman and J. J. Crosby on the other, to the damage of appellants Pohlman in a sum in excess of their liability on the note. The question here presented is quite involved, and it is sufficient to say that, after careful examination of the record, we find no error therein in connection with the matters urged by appellants on this branch of the case.

The findings of fact are all supported by competent evidence, and, in our opinion, the evidence clearly preponderates in their favor.

The judgment appealed from is affirmed..

GERAGHTY, MAIN, TOLMAN, and MILLARD, JJ., concur.