(May 22, 1913.)

ASAPH D. CLARK et al., Respondents, v. EMMA L. PADDOCK, Appellant.

[132 Pac. 795.]

NOTE AND MORTGAGE—FORECLOSURE—DEFAULT IN INTEREST PAYMENT—DEFAULT PROVISION OF NOTE AND MORTGAGE CONSTRUED TOGETHER—EXERCISE OF OPTION.

1. A note and mortgage given to secure the payment of the same must be construed together as one contract, and where the provisions of the two instruments can be so construed as to give effect to the provisions contained in both note and mortgage, such construction will be given to the contract.

2. Where a promissory note provides that interest shall be paid annually "and if not so paid the whole sum of both principal and interest to become immediately due and collectible," and a mortgage given to secure the payment of the same provides that "if the interest be not paid as therein specified, then and from thenceforth it shall be optional with the said party of the second part . . . . to consider the whole of said principal sum expressed in said notes as

immediately due and payable," etc., the provisions of the note and mortgage will be construed together with a view to giving effect to the intention of the contracting parties, and when so construed, *held*, that a default in payment of any interest payment when due will mature the whole indebtedness of both principal and interest at the option of the holder of the note and mortgage, and that a tender of the overdue interest made before the holder elects to declare the whole debt due is in time and prevents the subsequent exercise of the option by the holder of the note and mortgage.

3. Where there is an uncertainty or ambiguity in, or inconsistency between, the stipulation contained in a mortgage and a note given to secure the same providing for the acceleration of the maturity of the principal debt, the court should follow the rule of construction which requires every provision of the contract to be given force and effect, when it is possible so to do, and will place that construction upon the contract which is consistent with the provisions of both instruments and accomplishes the apparent intention of the contracting parties.

4. Where it is possible so to do, such a construction will be placed upon ambiguous, uncertain or apparently inconsistent provisions of a contract as will give protection to both parties, as against a construction which would be only in the interest of one of the parties to such contract.

5. Under the statute of this state, sec. 4520, Rev. Codes, there can be but one action for the recovery of any debt secured by mortgage on real or personal property, and that action is under the provisions of chap. 1, title 10, part 2, of the Code of Civil Procedure, which chapter is entitled "Actions for the Foreclosure of Mortgages," and the holder of a note secured by mortgage cannot maintain an action at law for the collection of his note without at the same time and in the same action proceeding to foreclose his mortgage, unless it be shown in such action that the security has become wholly valueless.

APPEAL from the District Court of the Third Judicial District for Ada County. Hon. Charles P. McCarthy, Judge.

Action for the foreclosure of a mortgage. Judgment for plaintiff. Defendant appealed. *Reversed.*

Good & Vaughan, for Appellant.

The question of estoppel arose when the tender was made to the plaintiff in the form of a draft on Feb. 27, 1911; he

did not object to the form of tender or to the amount of tender. He did not intimate in any way that he had elected to declare the whole amount due, neither did he demand at the time that the whole amount of principal and interest should be paid to him. (*Barnhart v. Fulkerth,* 73 Cal. 526, 15 Pac. 89; *Loughborough v. McNevin,* 74 Cal. 256, 5 Am. St. 435, 14 Pac. 369, 15 Pac. 773; *Oakland Bank of Savings v. Applegarth,* 67 Cal. 86, 7 Pac. 139, 476.)

A note and mortgage, being parts of one transaction, are to be read together, and the mortgagee may rely on the provision in the mortgage making the principal due for nonpayment of interest, at his option, though the note contains no such provision. (*Trinity County Bank v. Haas,* 151 Cal. 553, 91 Pac. 385; 35 Cent. Dig. 579; *Phelps v. Mayers,* 126 Cal. 549, 58 Pac. 1048; *Meyer v. Weber,* 133 Cal. 681, 65 Pac. 1110.)

The appellants had the right to pay the accrued interest and to defeat the right to exercise this option at any time before it had actually been exercised. (*Belloc v. Davis,* 38 Cal. 242; *Wilson v. Winter,* 6 Fed. 16.)

Where a mortgagor, in default as to an instalment, tenders the amount due before the mortgagee elects to treat as due the entire debt, as the mortgage authorizes him to do on default, the right of election is lost. (*Sykes v. Arne,* 5 Cal. Unrep. 601, 47 Pac. 868.)

The note and mortgage are one instrument, the same being executed at the same time. The mortgage would be of no value without the note, and the plaintiff depended upon the mortgage to secure the note as much as he did the note itself, and he treats the same as one instrument. He does not bring this action upon the note, but brings it under the statute in foreclosure. The note and mortgage must be construed together. (*Foxcroft v. Mallett,* 45 U. S. (4 How.) 353, 11 L. ed. 1008; *Wheeler & Watson Mfg. Co. v. Howard,* 28 Fed. 741; *Trinity County Bank v. Haas, supra.*)

When a mortgage provides that the mortgagee has the right to declare and treat the entire amount secured as *immediately due* and *payable,* upon default in the payment

of any instalment or of interest or of taxes due, that provision is *permissive* only and is not *self-executing*. It makes the whole debt due and collectible *only* in case the mortgagee *so elects,* and while the election is not requested to be made instantly upon the default, it must be exercised within a reasonable time thereafter. (27 Cyc. 1523; *Swearingen v. Lahner,* 93 Iowa, 147, 57 Am. St. 261, 61 N. W. 431, 26 L. R. A. 765; *Wheeler etc. Mfg. Co. v. Howard, supra; Broadbent v. Brumback,* 2 Ida. 336, 366, 16 Pac. 555.)

Alfred A. Fraser and Charles S. Kingsley, for Respondents.

The notes sued upon in this action provide, among other things:

"Interest to be paid annually, and if not so paid, the whole sum of both principal and interest to become immediately due and collectible."

Under this provision of the note, we contend that upon the failure to pay the interest instalment when due the whole obligation matured, and an action can be commenced and prosecuted for the collection of the whole amount. (*Hutchinson v. Benedict,* 49 Kan. 545, 31 Pac. 147; *New England Mtg. Security Co. v. Casebier,* 3 Kan., App. 741, 45 Pac. 453; *Rothschild v. Rio Grande W. Ry. Co.,* 84 Hun, 103, 32 N. Y. Supp. 37; *Banzer v. Richter,* 68 Misc. Rep. 192, 123 N. Y. Supp. 678; *Fletcher v. Daugherty,* 13 Neb. 224, 13 N. W. 207; *Magee v. Burch,* 108 Mo. 336, 18 S. W. 1078; *Indiana etc. Ry. Co. v. Sprague,* 103 U. S. 756, 26 L. ed. 554; *Kennedy v. Gibson,* 68 Kan. 612, 75 Pac. 1044; *Bull v. Edward Thompson Co.,* 99 Ga. 134, 25 S. E. 31; *Hawes v. Mulholland,* 78 Mo. App. 493; *McDonald v. Elfes,* 61 Ind. 279; *Levally v. Harmon,* 20 Iowa, 533.)

The conditions of the note must prevail over those stated in the mortgage; under the circumstances of this case, the tender cannot constitute a defense, as the note itself being absolutely due and payable on default of the interest, and providing in express terms that the whole sum therein ex-

pressed should become immediately due and collectible, the only manner or method by which the plaintiff could collect this note is by this proceeding and foreclosure, as under our statute and the decisions of the court no action could be commenced to collect the note except through foreclosure proceedings. (Sec. 4520, Rev. Codes; *First National Bank of Lewiston v. Williams*, 2 Ida. 618, 670, 23 Pac. 552.)

AILSHIE, C. J.—The motion made in this case to strike the agreed statement of facts and the reporter's transcript from the record is not well taken, and must be denied. The stipulation of facts constitutes a part of the evidence in the case and is referred to both in the reporter's notes and the findings of the court. The transcript of the evidence is duly settled and certified by the presiding judge in accordance with the statute.

This is an action for foreclosure of a real estate mortgage. On the 16th day of August, 1909, Asaph D. Clark, one of the respondents herein, sold to Emma L. Paddock, the appellant, a farm, and as part payment therefor received two promissory notes secured by a mortgage on the land sold. The first note was for the principal sum of $10,800, due August 11, 1911, and the second note was for the sum of $15,000, due August 11, 1914. The notes each contained the following stipulation: "Interest to be paid annually, and if not so paid the whole sum of both principal and interest to become immediately due and collectible." The mortgage contained the following stipulation with reference to any default in making payment of interest:

"But in case default shall be made in the payments of said principal sums of money or any part thereof as provided in said notes, or if the interest be not paid as therein specified, then, and from thenceforth it shall be optional with said party of the second part, his executors, administrators or assigns, to consider the whole of said principal sums expressed in said notes as immediately due and payable, although the time expressed in said notes for the payment thereof shall not have arrived."

On about August 3, 1910, the appellant paid to respondent Asaph D. Clark, the sum of $1,290 by draft payable to his order, and this sum was received and accepted and indorsed on the notes. On November 2, 1910, appellant paid the first note of $10,800 by draft, and the same was accepted, indorsed and cashed and the note surrendered. All interest and principal except the principal sum of the $15,000 note was paid up to August 11, 1910. The interest on the latter note from August 11, 1910, to August 11, 1911, became due and payable on the 11th day of August, 1911, but was not then paid. This interest was not paid and nothing whatever was done either by the maker or payee until the 27th day of February, 1912. On the latter date, the appellant tendered Clark the sum of $750 in payment of the interest. This tender was made first by draft and subsequently in gold coin, so no question arises here as to the sufficiency of the tender. It is stipulated that at the time this tender was made "Asaph D. Clark made no objection to the draft as tendered for the payment of said interest, but merely stated that he guessed he would not.accept the payment of the $750 interest and that he would consult his attorney and let the defendant know later." It is further stipulated that "at no time did the said plaintiff or anyone in his behalf notify the defendant or anyone in her behalf that the said $750 interest was due, and at no time did he make any demand on her for the payment of the same." Clark never gave the appellant any notice whatever after this tender was made as to his determination in reference to accepting the payment or of his purpose to declare the debt due, until about 5 o'clock P. M., February 29th, when he stated to appellant's counsel that he had decided to foreclose the mortgage and that complaint had been filed that afternoon. The complaint in foreclosure was in fact filed at 4:50 P. M., February 29, 1912, which was two days after the tender of payment of the $750 interest due.

The case was submitted to the court on the foregoing facts, and the court decided in favor of the plaintiff and granted a decree of foreclosure, and defendant has appealed. There is no dispute over the facts in the case, and the only question

presented is the question of law to be applied in construing the stipulation contained in the note and the one in the mortgage with reference to default in payment of interest maturing the entire debt. The respondent contends that, notwithstanding the provision contained in the mortgage, the stipulation contained in the note is controlling, and that a failure to make payment of interest when due *ipso facto* matured the entire debt. The appellant, on the other hand, contends that the stipulation in the note and the one in the mortgage should be read and construed together as parts of one contract, and that when so read it will be found that a default in the payment of interest only matures the entire debt by the exercise of an option on the part of the creditor to so declare the debt due.

The cases relied on by respondents do not go to the extent nor support the contention here claimed. In *Hutchinson v. Benedict,* 49 Kan. 545, 31 Pac. 147, the notes contained the provision that if any part of the principal or interest should not be paid at maturity, it should bear interest thereafter at the rate of twelve per cent. The mortgage provided that in case of any default, the whole debt should become due with interest at twelve per cent from date. The court held that the note should control and that the clause it contained meant "that both principal and interest were to bear interest after maturity at the rate of twelve per cent per annum."

*New England Security Co. v. Casebier,* 3 Kan. App. 741, 45 Pac. 452, simply held that where a note provided for interest at seven per cent and the mortgage securing the note called for interest at twelve per cent, the note, being evidence of the debt and the principal obligation, should control.

*Rothschild v. Rio Grande Ry. Co.,* 84 Hun, 103, 32 N. Y. Supp. 37, holds that where bonds and a trust deed given to secure their payment contained wholly inconsistent provisions, that the terms of the bonds must prevail. This was on the theory that the bonds were the evidence of indebtedness and the principal obligation.

*Banzer v. Richter,* 68 Misc. Rep. 192, 123 N. Y. Supp. 678, involved the right of the holder of several notes secured by

one mortgage to sue on one note and subsequently maintain an action on another note that was due by the terms of a contract and chattel mortgage securing the same at the time the first action was commenced. The court held that under the terms of the contract and mortgage no option could be exercised, and that on the happening of the stipulated event the debt became immediately due.

In *Fletcher v. Daugherty,* 13 Neb. 224, 13 N. W. 207, the court held that the provisions of the note and mortgage must be construed "together as parts of one contract," and that when so considered it was evident that the holder of the note and mortgage must in some way elect to declare them due in order to set the statute of limitations running.

*Magee v. Burch,* 108 Mo. 336, 18 S. W. 1078, held that a misdescription in the mortgage of the payees named in the note was not fatal to the security and that the note itself would prevail.

In *Kennedy v. Gibson,* 68 Kan. 612, 75 Pac. 1044, the note provided that a default should mature the whole debt at the option of the holder thereof, while the mortgage provided that a default should make the whole debt immediately due. The court held that the provision of the note would prevail, and that the option must be exercised in order to set the statute of limitations running.

It will be seen from a review of the foregoing cases that no one of these covers a state of facts like we are dealing with here, where the note provided that a default should render the whole debt due and the mortgage provided that default should render the debt due at the option of the holder thereof. If in this case we should adopt the view taken by respondents, we would have to wholly disregard the provision in the mortgage providing that in case of default the debt should fall due *at the option of the holder.* On the other hand, if we follow the rule of construction that requires every provision of a contract to be given force and effect when possible and where they can be construed in harmony, we would hold that the provision in the note maturing the debt *on default of any payment* when due and the clause in the mortgage providing

for default, *maturing the debt at the option of the holder*, are not inconsistent with the intention that a default should mature the debt at the option of the holder of the note and mortgage. By such a construction the holder of the paper gets all the protection he could possibly get by any construction, because he could exercise his option as soon as a default is made, and by such a construction the statute of limitation would not begin to run against his claim unless he does exercise this option. On the other hand, the debtor is given the protection of having the holder of the paper exercise his option in some manner and by some act. Such a construction saves the debtor from going to the trouble, and oftentimes expense, of raising interest or an instalment and then upon making tender being informed that the debt has already automatically fallen due.

Stipulations of this kind for the acceleration of the maturity of a debt should be so construed, if possible, and consistent with the language employed, as to give the protection intended thereby to both the debtor and the creditor. Such a clause is inserted in a note or mortgage for the purpose of enabling the holder thereof upon default in payment of interest or principal, as the case may be, to institute his action for the collection of the debt, if he so desires, before the apparent maturity of the instrument as appears upon its face. The financial circumstances of the debtor or the nature of the security may have become such in the meanwhile as to render it necessary and important for the protection of the creditor that he be authorized to immediately prosecute his action for the collection of the debt. This protection is afforded him as fully and amply by requiring him to exercise the option of declaring the debt due as by providing that the debt shall automatically become due on the failure to make the payment. The mere commencement of an action is an exercise of the option (*Trinity County Bank v. Haas,* 151 Cal. 553, 91 Pac. 385; *Bank of Commerce v. Scofield,* 126 Cal. 156, 58 Pac. 451); or a notice to the debtor that the debt is overdue and that the creditor exercises the option of declaring it due, or that if not paid within a specified time the creditor will not receive

payment thereafter, would constitute an exercise of the option. In other words, a creditor who is the holder of the paper can suffer no disadvantage or injury whatever by being required to exercise his option. The debtor, on the contrary, is afforded a degree of protection by requiring the creditor to exercise his option rather than to allow the mere failure to make payment *ipso facto* mature the debt. So long as the debtor has not the money with which to make the payment and does not tender it, the creditor may not be particular about exercising his option, and if not, he should not be allowed, after the debtor has gone out and raised the money and made the tender, to then exercise his option or say the debt has automatically fallen due, when in truth and fact he has done no act whatever that would indicate his understanding or intention that the debt and obligation has matured or that he has exercised his option to consider it matured.

It should be remembered that this is a foreclosure proceeding whereby the creditor not only seeks judgment for the amount of the debt, but also seeks a judgment and decree for the sale of the specific property encumbered by the mortgage for the payment of the debt. In such a case, the note and mortgage must be considered and construed together as one contract (*Lewis v. Sutton,* 21 Ida. 541, 122 Pac. 911; *Trinity County Bank v. Haas,* 151 Cal. 553, 91 Pac. 384; *Meyer v. Weber,* 133 Cal. 681, 65 Pac. 1110), and the creditor should not be allowed to refuse a tender and foreclose his mortgage in spite of the tender where the very instrument which gives him his *security* and *lien* provides that a default in payment of interest shall mature the debt only in case of the exercise of the option to declare the *whole debt due.* To allow him to do so would be contrary to both the letter and spirit of his lien contract.

The general rule that a note and mortgage given to secure the payment of the same must be construed together as one contract is reinforced by sec. 4520 of the Rev. Codes of this state, which provides that "there can be but one action for the recovery of any debt, or the enforcement of any right secured by mortgage upon real estate or personal property,

which action must be in accordance with the provisions'' of chap. 1, title 10, part 2 of the Code of Civil Procedure, which chapter is entitled ''Actions for the Foreclosure of Mortgages.'' In other words, under the statute of this state (sec. 4520, Rev. Codes), no action can be maintained for the recovery on a promissory note secured by mortgage, unless the action be coupled with an action to foreclose the mortgage, except where it is shown that the security has become valueless. This rule is established both by the decisions in this state and the decisions of the supreme court of California from which our statute was taken. (*First Nat. Bank v. Williams,* 2 Ida. 618, 670, 23 Pac. 552; *Rein v. Callaway,* 7 Ida. 634, 65 Pac. 63; *Bartlett v. Cottle,* 63 Cal. 366; *Barbieri v. Ramelli,* 84 Cal. 157, 23 Pac. 1086; *McKean v. German-American Sav. Bank,* 118 Cal. 336, 50 Pac. 656; *Winters v. Hub Min. Co.,* 57 Fed. 292; *Lilly-Bracket Co. v. Sonnemann,* 157 Cal. 192, 106 Pac. 715, 21 Ann. Cas. 1279. See, also, dissenting opinion in *Kelley v. Clark,* 23 Ida. 31, 129 Pac. 926.) This being true, it necessarily follows that the action is primarily an action to foreclose the mortgage and obtain a decree authorizing a sale of the mortgaged property. Under the law of this state ''the mortgaged property becomes the primary security, and the personal obligation of the mortgagor a secondary one. The mortgagor, under our statute, is personally liable only after foreclosure, and then only for the balance shown to be due by the return of the sheriff.'' (*Rein v. Callaway,* 7 Ida. 634, 65 Pac. 63.) Before such a decree can be had, it is necessary to determine the amount due. This is done, however, by the court as a court of equity, and the debtor is not entitled as a matter of law to a jury for the purpose of determining the amount due. (*Christensen v. Hollingsworth,* 6 Ida. 92, 96 Am. St. 256, 53 Pac. 211; *Shields v. Johnson,* 10 Ida. 476, 79 Pac. 391, 3 Ann. Cas. 245; *Naylor & Norlin v. Lewiston etc. Ry. Co.,* 14 Ida. 722, 95 Pac. 827.) The primary charge is therefore *in rem,* and the personal charge or obligation can only arise for a deficiency after the *res* or thing pledged has been exhausted.

The judgment is reversed and the cause will be remanded, with direction to the trial court to dismiss the action upon payment to respondents of the money tendered into court as proffered by the answer. Costs awarded in favor of appellant.

Sullivan and Stewart, JJ., concur.