(No. 6362.   November 28, 1936.)

R. N. JEPPESEN, Appellant, v. REXBURG STATE BANK, a Corporation, Respondent.

[62 Pac. (2d) 1369.]

W. A. Ricks, for Appellant.

F. L. Soule and C. W. Poole, for Respondent.

AILSHIE, J.—On December 12, 1928, Lawrence J. Jeppesen, son of appellant, executed a promissory note for $6,000, due September 1, 1929, payable to respondent; a renewal of this note was made on December 6, 1929, which latter note was payable September 1, 1930. Both of these notes were indorsed by appellant, waiving protest and notice. The latter (renewal) note was secured by a chattel mortgage executed by the maker of the note, Lawrence J. Jeppesen, to respondent on February 17, 1930, over five months after execution and delivery of the note.

April 20, 1935, appellant deposited in respondent bank, to the credit of his checking account, the sum of $7,550. On the same date a letter was addressed to appellant from respondent's cashier, informing him that the amount of his deposit, $7,550, had been indorsed on the note, dated December 6, 1929, and due September 1, 1930. September 5, 1935, appellant made demand on respondent for $7,550, by issuing his check for that amount, and payment was refused.

This action was instituted on September 5, 1935, by appellant, to recover the sum of $7,550, the amount of his deposit, together with interest at the legal rate and for costs and disbursements in the action. At the conclusion of plaintiff's case the defendant moved for nonsuit and, upon that motion being made, plaintiff moved for an instructed verdict. It was agreed that the two motions should be heard together and that the case should be determined

by the court thereon. After argument and citation of authorities by the respective counsel, the court denied plaintiff's motion for an instructed verdict and granted defendant's motion for nonsuit. Judgment of dismissal was thereupon entered and the plaintiff appealed from the judgment.

It is the contention of respondent that on failure, of the maker of the note here in question, to pay the same at maturity, the payee bank had a right to charge the amount due against any deposit that appellant, indorser of the note, had in the bank at that time. (Sec. 44-708, I. C. A., and *Holloway v. First National Bank, etc.*, 45 Ida. 746, 265 Pac. 699.) Appellant's position is stated in his brief as follows:

"It is our contention that respondent has no right to apply appellant's deposit against Lawrence J. Jeppesen's liability on the note. Appellant is not the principal, but a surety, and it has been held in numerous cases that respondent, cannot, without the surety's consent, apply a deposit against the note on which he is a surety . . . . In the instant case, respondent had not foreclosed its mortgage lien at the time it attempted to apply appellant's bank deposit toward the payment of the note secured by the mortgage. We believe the endorsement of appellant is conditional; that is, a promise that he will pay, provided the payment shall first have been properly demanded of the maker; and, in the event of the failure of the maker to pay the note, we believe respondent should be forced to foreclose its mortgage before the liability of appellant is fixed."

Sec. 26-504, I. C. A., which is the same as sec. 63 of the Uniform Negotiable Instruments Act (5 U. L. A.), provides that:

"A person placing his signature upon an instrument otherwise than as maker, drawer or acceptor, is deemed to be an indorser, unless he clearly indicates by appropriate words his intention to be bound in some other capacity."

The foregoing statute was under consideration by this court in *Thomas v. Hoebel*, 46 Ida. 744, 271 Pac. 931, and after quoting the statute, the court said:

"The decedent, who admittedly placed his name in blank on the back of the notes, after delivery, and before maturity,

is an indorser, and the fact that he signed after delivery to the payee does not affect his legal status as indorser. (See, also, *Bank of Montpelier v. Montpelier Lumber Co.*, 16 Idaho, 730, 102 Pac. 685.)'' (See cases cited in foregoing opinion; also, *Morris County Brick Co. v. Austin*, 79 N. J. L. 273, 75 Atl. 550; *Corn Exchange Nat. Bank & T. Co. v. Taubel*, 113 N. J. L. 605, 175 Atl. 55; *Harris v. Patterson*, 138 Or. 57, 280 Pac. 434; *Alexander v. Young*, 65 Fed. (2d) 752; note to *Kahn v. Waldman*, 88 A. L. R. 702.)

In the case at bar appellant has simply written his *name on the back of the note* without any qualification, designation, limitation or any word, ''appropriate,'' or otherwise, indicating ''his intention to be bound in some other capacity'' than that of ''indorser.'' We must, therefore, treat him in this case as an *indorser*.

On oral argument it was urged that the indorsement by appellant was made after delivery and without consideration. We fail to find anything in the record to justify the conclusion that the indorsement was made after delivery. It has been held, as counsel contends, that an indorser after delivery, without additional or independent consideration, is not liable to the payee (*Jackson v. Lancaster*, 213 Ala. 97, 104 So. 19; *Northern Tr. & Sav. Bank v. Ellwood*, 200 Iowa, 1213, 206 N. W. 256; *Zion's Sav. Bank & T. Co. v. Rouse*, 86 Utah, 574, 47 Pac. (2d) 617; 88 A. L. R., note, p. 702; *Francis v. Federal Reserve Bank*, (Tex. Civ. App.) 69 S. W. (2d) 441); but that issue is not involved upon the record before us. In such case he would not be an innocent holder in due course.

It is contended by appellant that, under sec. 9–101, I. C. A., this action could not be maintained against him for the reason that the note on which his name appears as indorser is secured by a mortgage which has never been foreclosed. Respondent urges, however, that appellant's obligation as indorser was conditional and only became a debt, on the failure of the maker of the note to pay at maturity thereof; and that the indorser's debt (which accrued only on the neglect of the maker to pay at maturity), was not ''secured by mortgage.''

When a debtor gives a mortgage to secure his debt, he gives his creditor a lien on his property and thereby authorizes him, at maturity of the debt, to proceed *in rem* against the property for the amount of the debt. This necessarily impairs the debtor's credit to that extent; and it was the evident intention of the legislature, by enacting sec. 9–101, to require the creditor to proceed for collection of the debt (if not paid in due course) against the property, and to exhaust the security before being allowed to acquire any personal judgment against the debtor. (*Clark v. Paddock*, 24 Ida. 142, at 152, 132 Pac. 795, 46 L. R. A., N. S., 475.) In other words, it was intended not to allow the creditor to hold an incumbrance on his debtor's property, and at the same time proceed against him for a personal judgment, either with or without attachment (sec. 6–502, subd. 1, I. C. A.), for to allow the creditor to do so might, in any case, result in impairing the debtor's credit in at least double the amount of his debt; that is, both *in rem* and *in personam*. This statute avoids a multiplicity of suits against the same debtor.

Here the *indorser* has not mortgaged any of his property as security, either for the primary obligation, that is, the debt of the maker, or for his secondary obligation as indorser; and so far as *his debt is concerned*, whenever or however it accrued, it is unsecured by any mortgage on property of any kind. (*First Nat. Bank v. Commercial U. A. Co.*, 40 Ida. 236, at 242, 232 Pac. 899.) In pleading the statute (sec. 9–101) as a defense, or for an abatement of the action, he does not claim that the debt is secured by any mortgage of his, or any incumbrance on his property, but rather that the note, on which he is indorser, was secured by mortgage, which was admittedly executed by the maker of the note subsequent to appellant's indorsement thereof. So far as we are advised, appellant, when he indorsed this note, had no reason to even suspect that the maker's obligation would ever be secured by mortgage. He did not make the indorsement under the representation or belief that the debt of the maker would be secured by mortgage.

In *Rein v. Callaway*, 7 Ida. 634, 65 Pac. 63, this court had under consideration sec. 9–101, *supra*, and held that

a mortgagee could not take possession of mortgaged property, without foreclosure, and sell and dispose of it, and thereafter maintain an action for any balance that he might allege to be due thereon. In *Bank of Montpelier v. Montpelier Lbr. Co.*, 16 Ida. 730, 102 Pac. 685, we had before us the contention made by indorsers on a note, that the payee could not maintain his action against them, where he held a mortgage executed by the maker of the note, and which mortgage had not been foreclosed. We distinguished the latter case from *Rein v. Callaway* and said:

"That action arose between the mortgagor and mortgagee. There the mortgagor was complaining of the action of the mortgagee in seizing his property and selling it at private sale. Here the appellants were not parties to the mortgage contract. The execution of this mortgage did not enter into their obligation; their contract of indorsement was not made in consideration of the mortgage being executed by the maker of the note. The mortgagor is not complaining of the action of the mortgagee in selling the property and applying the proceeds to the 'payment of the debt. The appellants, as indorsers of the note, cannot be injured or prejudiced by the action of the respondent in selling the property and applying the proceeds to the payment of this indebtedness. If it received more than it has credited or admits, that defense is open to appellants. Whatever may have been received from the mortgage was to the advantage and betterment of the condition of the indorsers. The appellants have no cause of complaint on account of the respondent selling the mortgaged property at private sale instead of under legal process."

The foregoing case was cited and followed in *Thomas v. Hoebel, supra.* (See, also, *Vandewater v. McRae*, 27 Cal. 596; *Carver v. Steele*, 116 Cal. 116, 47 Pac. 1007, 58 A. L. R. 156; *Kinsel v. Ballou*, 151 Cal. 754, 91 Pac. 620; *Case v. McKinnis*, 107 Or. 223, 213 Pac. 422, 32 A. L. R. 167; *G. Sommers & Co. v. Tintah Co-Op. Merc. Co.*, 155 Minn. 107, 192 N. W. 492; *Miller v. Levitt*, 226 Mass. 330, 115 N. E. 431; *Rhoton v. Woolford*, 24 Ariz. 562, 211 Pac. 858; *Felkner v. Smith*, 77 Utah, 410, 296 Pac. 776, 74 A. L. R. 124.)

It is too well settled in this state to merit further inquiry or controversy, that there can be but one action against the debtor for the recovery of a debt secured by mortgage on real or personal property. (*First Nat. Bank v. Williams,* 2 Ida. (Hasb.) 670, 23 Pac. 552; *Kelley v. Leachman,* 3 Ida. (Hasb.) 392, 29 Pac. 849; *Rein v. Callaway,* 7 Ida. 634, 65 Pac. 63; *Clark v. Paddock,* 24 Ida. 142, 132 Pac. 795, 46 L. R. A., N. S., 475, 483; *Dighton v. First Exchange Nat. Bank,* 33 Ida. 273, 192 Pac. 832; *Berry v. Scott,* 43 Ida. 789, 255 Pac. 305; *Warner v. Bockstahler,* 48 Ida. 419, 282 Pac. 862.)

On the other hand, it seems equally clear that this rule does not protect an indorser from an independent action against him on his indorsement, where his promise to pay on default of the maker is not secured by mortgage.

From what has been said, it necessarily follows that, under sec. 44–708, I. C. A., on default of the maker of the note to pay at maturity thereof, the bank had the right to charge the amount due against the deposit of the indorser.

The judgment should be affirmed and it is so ordered, with costs to respondent.

Givens, C. J., and Budge, Morgan and Holden, JJ., concur.