(No. 6342.  December 2, 1936.)

CLYDE EDMINSTER, Appellant, v. L. M. VAN EATON, Respondent.

[63 Pac. (2d) 154.]

E. V. Larson, Frank L. Stephan and J. H. Blandford, for Appellant.

Rayborn & Rayborn, for Respondent, upon agreement neither appeared nor filed a brief.

BUDGE, J.—Appellant filed an action in the probate court of Twin Falls county seeking recovery on a promissory note given by respondent to appellant. Respondent answered admitting execution of the note, ownership of appellant, and that certain payments had been made thereon and then alleged a chattel mortgage had been given to secure the payment of the note and that appellant had not foreclosed the mortgage or exhausted the security covered by it. The statute of limitations was also set up as a defense.

The probate court found in favor of respondent and an appeal was taken to the district court.

Proceedings were had in the district court, on the probate court pleadings certified to the district court, where a jury of six was impaneled to try the cause. Appellant testified in support of the allegations of his complaint, identified the note and the same was admitted in evidence. On cross-examination, over appellant's objection that it was not proper cross-examination, testimony was elicited that a chattel mortgage was given to secure the payment of the note and that said chattel mortgage had not been foreclosed. On redirect examination appellant was questioned as to what became of the property described in the mortgage, which was objected to on the ground that the existence of the mortgage or that the security had been exhausted was not pleaded, the court being referred to I. C. A., section 9–101, providing there can be but one action for the recovery of a debt secured by mortgage. The court sustained the objection upon the ground that neither the pleadings of appellant nor respondent alleged that the property had become valueless. Appellant made an offer of proof that the property included in the chattel mortgage in question had become valueless through no fault of appellant, which offer was rejected. Appellant then asked leave to amend the complaint by the insertion of the following:

"That the aforementioned note was originally secured by a chattel mortgage upon certain personal property, includ--

ing a threshing machine, wagon, and a certain well-drilling machine; that since the giving of said security the said mortgage and the property therein included has become valueless and is no longer security."

Respondent's objection that the motion came too late and that the court had no jurisdiction to permit the amendment was sustained. A judgment of nonsuit was entered for respondent upon his motion, and this appeal is from the judgment entered.

By his specifications of error appellant urges that the court erred in the decision of questions of law during the trial and in sustaining respondent's motion for nonsuit and giving and entering judgment for respondent thereon. The errors in the decision of questions of law urged are: A, In refusing to permit appellant to prove the mortgage security had become valueless; B, In determining that the court had no jurisdiction to permit the amendment; C, In rejecting appellant's offer to prove the worthlessness of the security; D, in refusing appellant permission to amend his complaint to allege that the security had become valueless, and E, In ruling that to permit such an amendment would bring in new or additional, or separate and distinct, issues.

While I. C. A., section 9–101, provides "There is but one action for the recovery of any debt, or the enforcement of any right secured by mortgage upon real estate or personal property, which action must be in accordance with the provisions of this chapter," notwithstanding, where a mortgagee's security *has become valueless* the mortgagee has a complete and independent action on the note for which the security was given, the rule having been referred to by this court in *Clark v. Paddock*, 24 Ida. 142, 132 Pac. 795, 46 L. R. A., N. S., 475, as follows:

"In other words, under the statute of this state (sec. 4520, Rev. Codes) no action can be maintained for the recovery on a promissory note secured by mortgage, unless the action be coupled with an action to foreclose the mortgage, *except where it is shown that the security has become valueless.* This rule is established both by the decisions in this state and the decisions of the supreme court of California

from which our statute was taken. (*First Nat. Bank v. Williams,* 2 Ida. 670, 23 Pac. 552, 557; *Rein v. Callaway,* 7 Ida. 634, 65 Pac. 63; *Bartlett v. Cottle,* 63 Cal. 366; *Barbieri v. Ramelli,* 84 Cal. 154, 157, 23 Pac. 1086; *McKean v. German American Sav. Bank,* 118 Cal. 334, 336, 50 Pac. 656; *Winters v. Hub Min. Co.,* 57 Fed. 292; *Lilly-Brackett Co. v. Sonnemann,* 157 Cal. 192, 106 Pac. 715, 21 Ann. Cas. 1279.)'' (Italics ours.)

" .... The holder of a note secured by mortgage cannot maintain an action for the collection of such note, without at the same time and in the same action proceeding to foreclose his mortgage, *unless it be shown that the security is valueless.* .... (*Clark v. Paddock,* 24 Ida. 142, 132 Pac. 795, 46 L. R. A., N. S., 475; *Farmers State Bank v. Gray,* 36 Ida. 49, 21 Pac. 1006.)'' (Italics ours.) (*Berry v. Scott,* 43 Ida. 789, 255 Pac. 305.)

██ It did not appear from the face of the complaint that the note was secured by mortgage. Under such circumstances it appears that appellant was under no obligation to allege that the note was secured by mortgage and then avoid its effect. The allegation in the answer that the note was secured by mortgage and that the mortgage had not been foreclosed was an affirmative defense and consequently no reply was required, and appellant should have been permitted to prove, if he could, that the security had become valueless, in rebuttal. In *Brophy v. Downey,* 26 Mont. 252, 67 Pac. 312, it is said:

"The chief contentions of the defendants are that in an action to recover a personal judgment for a debt, the payment of which was at any time secured by mortgage, the complaint must state that fact, and then avoid its effect by appropriate averments showing that the security has become lost or valueless by no act of the plaintiff. .... The plaintiff's position is that the existence of mortgage security is not part of the statement of his cause of action, but is affirmative matter to be pleaded and proved in defense, .... No obligation rested upon the plaintiff to state whether or not there was a mortgage. The fact that there was a mortgage in nowise contradicted or disproved any allegation of

the complaint. Such fact, which was sought to be established as an affirmative defense, and not as bearing upon any other issue, was new matter to be proved by the defendants in making out their case. . . . . But the court, after admitting evidence that payment of the note had been secured by a mortgage which had not been foreclosed, should have received the evidence offered by the plaintiff to show that the land had been sold under a decree foreclosing the prior mortgage to McMonigle, and that the sale exhausted the security.''

In *Vande Veegaete v. Vande Veegaete*, 75 Mont. 52, 243 Pac. 1082, the Supreme Court of Montana referring to a similar situation says:

''It seems clear from the statutory provisions quoted, and from the authorities, that in this state while, if no mention of the mortgage is contained in the note, it is not necessary to allege the fact that a mortgage was given and then avoid its effect, and, further, that if the existence of the mortgage is not set up as a defense, the plaintiff may secure judgment as though no mortgage had ever been given, such procedure is possible only by reason of the forbearance of the defendant, for if the defendant sees fit to plead the fact that a mortgage was given to secure the payment of the note, such pleading constitutes a complete bar to the plaintiff's action, unless the plaintiff can thereafter show that the security, through (no) fault of his has become valueless. . . . . The plaintiff by pleading as she did (that the note was secured by mortgage and that the security was valueless) but anticipated a valid defense to her action on the note.''

By statute in this state (I. C. A., sec. 5–603) the only pleadings recognized are as follows:

''The only pleadings allowed on the part of the plaintiff are:

''1. The complaint.

''2. The demurrer to the answer.''

And on the part of the defendant:

''1. The demurrer to the complaint.

''2. The answer.''

A replication or reply to the answer is unknown, in the attack of affirmative matter, the rule being that the

plaintiff may take advantage of any affirmative matter which would tend to avoid the affirmative matter set forth in defendant's answer as fully as if he were permitted to specifically plead his matter defensive thereto. In *Pettengill v. Blackman,* 30 Ida. 241, 164 Pac. 358, this court says:

"It should be noted here that there is a distinction between the situation of a defendant who fails to plead matter relied upon as an affirmative defense on the one hand, and the situation of a plaintiff under the code, which has abolished the replication, when it comes to attacking affirmative matter, pleaded as new matter in the answer. In order for a defendant to take advantage of an affirmative defense, he must specifically allege it or his proof will not be admitted. (*Puritan Mfg. Co. v. Toti & Gradi,* 14 N. M. 425, 94 Pac. 1022.) But the plaintiff may take advantage of any affirmative matter which would tend to avoid the affirmative matter set forth in defendant's answer as fully as if he were permitted to specifically plead his matter defensive thereto. (Citing cases.)"

Upon respondent pleading and introducing evidence of his defense that the note was secured by a mortgage which had not been foreclosed appellant should have been permitted to submit proof of any affirmative matter which would tend to avoid the affirmative matter set forth in respondent's answer, and the court was thus in error in rejecting appellant's offer to prove the worthlessness of the mortgage security and in sustaining respondent's motion for nonsuit. The cause is reversed and remanded for further proceedings in accordance with the views herein expressed.

Givens, C. J., and Morgan, Holden and Ailshie, JJ., concur.