288 P.2d 793

**Walter E. STEWART, Appellant,**

**v.**

**Clifton B. LAYTON, Respondent.**

**No. 8364.**

Supreme Court of Utah.

Oct. 20, 1955.

F. Robert Bayle, Salt Lake City, for appellant.

Edward W. Clyde, Salt Lake City, for respondent.

HENRIOD, Justice.

Appeal from a judgment dismissing a complaint based on an Idaho mortgage foreclosure judgment. Affirmed, costs to defendant.

Plaintiff sued defendant in Idaho to foreclose a mortgage, the subject property of which was ordered sold by decree. The proceeds were applied to payment of prior liens, and nothing was left to apply on plaintiff's judgment. For some reason a deficiency judgment was not entered. Plaintiff urges that it was unnecessary to go through the motion of having a deficiency judgment docketed since it was obvious from the Sheriff's return that there was no property out of which to satisfy plaintiff's judgment, that the judgment therefore persisted, and Utah should give it full faith and credit.

■■ There seems to be merit in plaintiff's contention, but in giving full faith and credit to judgments of a sister state, we need give no more than that accorded by the sister state itself, and in this case the Supreme Court of Idaho, in construing Idaho's foreclosure statutes,[1] has held that a foreclosure decree is one in rem, and a personal judgment cannot become effective until actually entered after the security has been exhausted.[2]

It appears also, that irrespective of the fact that a deficiency judgment was not entered in the Idaho case, Sec. 6–108, Idaho Code Annotated, might preclude recognition of plaintiff's judgment in our courts, since the section mentioned appears to require the court to determine the reasonable value of the mortgaged property before a deficiency judgment can be entered, and there is nothing before us to indicate that this was accomplished in the Idaho case.

McDONOUGH, C. J., and CROCKETT, WADE and WORTHEN, JJ., concur.

1. Sec. 6–101, Idaho Code Annotated, and parent statutes.

2. Barnes v. Buffalo Pitts Co., 6 Idaho 519, 57 P. 267; Jeppesen v. Rexburg State Bank, 57 Idaho 94, 62 P.2d 1369; Perkins v. Bundy, 42 Idaho 560, 247 P. 751.