Justice EISMANN,
dissenting.
I cannot concur in the majority opinion because it is contrary to the law.
The issue is whether Guarantors, who guaranteed promissory notes secured by mortgages on real property, can be held *822 liable on their guaranties when the proceeds of the foreclosure sales of the mortgaged properties is not sufficient to pay the balances owing on the notes secured by those mortgages.
Guarantors do not have the protection of Chapter 6, Title I, of the Idaho Code. Neither Idaho Code section 6-101, which requires the foreclosure of a mortgage in order to recover on a debt secured by that mortgage, nor Idaho Code section 6-108, which limits the amount of a deficiency judgment against the mortgagor, applies to an action to recover against a guarantor of a note that is secured by a mortgage.
In Jeppesen v. Rexburg State Bank, 67 Idaho 94, 62 P.2d 1369 (1936), this Court held that a bank could collect against an indorser on a promissory note without first seeking to foreclose the mortgage secured by that note, where the promise to pay on default of the maker was not secured by the mortgage. Id. at 101, 62 P.2d at 1372, This Court reasoned as follows:
When a debtor gives a mortgage to secure his debt, he gives his creditor a lien on his property and thereby authorizes him, at maturity of the debt, to proceed in rem against the property for the amount of the debt. This necessarily impairs the debtor’s credit to that extent; and it was the evident intention of the Legislature, by enacting section 9-101 [former Idaho Code section 6-101], to require the creditor to proceed for collection of the debt (if not paid in due course) against the property, and to exhaust the security before being allowed to acquire any personal judgment against the debtor.
Here the indorser has not mortgaged any of his property as security, either for the primary obligation, that is, the debt of the maker, or for his secondary obligation as indorser; and so far as his debt is concerned, whenever or however it accrued, it is unsecured by any mortgage on property of any kind.
Id. at 99, 62 P.2d at 1371.
In First Security Bank of Idaho, N.A. v. Gaige, 115 Idaho 172, 766 P.2d 683 (1988), this Court held that Idaho Code section 45-1512, which limits the amount of a deficiency judgment on an obligation secured by a deed of trust, did not apply to a guarantor of the obligation. Id. at 174, 765 P.2d at 685. We declined to legislate from the bench and create a rule protecting the guarantor from the terms of his contractual obligation, stating: “While there may be arguments for extending anti-deficiency protection to guarantors, that action is for the legislature to do, not the court.... We deem it better policy to follow the wording of the statute and leave any expansion of coverage to the legislature.” Id. at 174-75, 765 P.2d at 685-86.
After our Jeppesen and First Security Bank opinions, the Idaho legislature has not acted to protect guarantors of obligations secured by mortgages or deeds of trust. In this case, the majority steps in to allow guarantors to escape the consequences of their guaranties. As explained in my dissent in AgStar Financial Services, ACA, v. Northwest Sand & Gravel, Inc., the majority does so by creating a fiction that the value of the real property sold constitutes the proceeds from the sale of that property. Using that fiction, the majority holds that the debts that Guarantors guaranteed have been paid in full. As I stated in my dissent in AgStar Financial Services, ACA, v. Northwest Sand & Gravel, Inc.: “I cannot agree with the majority because I believe that the Court should follow the applicable law. I would decide this case simply by following the statute.”
Justice HORTON concurs.